THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GILBERTO SOTO, Defendant-Appellant.

First District (5th Division)    No. 79-1953

Opinion filed October 31, 1980.—Rehearing denied December 1, 1980.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Following a bench trial, defendant was convicted of voluntary manslaughter and attempt murder. (Ill. Rev. Stat. 1977, ch. 38, pars. 9—2, 8—4 and 9—1.)[1] He was sentenced to concurrent prison terms of 7 years

---

[1] Defendant was also convicted of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4), but the trial court held that offense merged with the attempt murder conviction.

for voluntary manslaughter and 9 years for attempt murder. On appeal, defendant contends that his attempt murder conviction must be reversed because he lacked the requisite mental state.

At approximately 5:30 p.m. on November 30, 1977, defendant, accompanied by Angel Morales, went to the store where the deceased worked. Defendant and Luz Abrue (deceased) had been living together for 11 years, and she had borne his child out of wedlock. Recently the deceased had taken the child and moved in with June Luciano, a friend of defendant who also worked at the store.

When defendant arrived at the store, he asked to speak with the deceased. Defendant and the deceased then went into a back room. Shortly, the deceased screamed, came running out of the back room and fainted. June Luciano, who was also in the store, asked defendant what had happened. Defendant replied that "nothing happened, but this is what's going to happen to you." With that, defendant pulled out a gun and shot Luciano in the mouth. Defendant then walked over to where the deceased had fainted and shot her three times, killing her. Hermes Roman, who was also in the store, attempted to run out the door, but he was shot in the thigh by defendant. Defendant then pointed his gun at Angel Morales and said, "You too" and pulled the trigger but the gun did not fire because it was out of bullets. Morales fled from the store and called the police.

Officer Trunzo testified that, while proceeding to the scene, he heard a gunshot and then saw defendant sitting on the stairs of a building. Defendant had shot himself in the chest in an apparent suicide attempt.

On appeal, defendant contends that his conviction for the attempt murders of June Luciano and Hermes Roman must be reversed because he lacked the specific intent to kill Luciano and Roman. It is defendant's position that when he fired at these two men, he was doing so as a result of the same, sudden and intense passion which caused him to shoot the deceased. Consequently, because he lacked the specific intent to cause their death, he concludes it was improper for the trial court to have found him guilty of attempt murder.

In *People v. Wax* (1966), 75 Ill. App. 2d 163, 220 N.E.2d 600, *cert. denied* (1967), 387 U.S. 930, 18 L. Ed. 2d 991, 87 S. Ct. 2052, the court found no error in the trial court's refusal to give a voluntary manslaughter instruction where defendant allegedly shot decedent out of passion provoked by someone other than the decedent. The court stated: "We do not believe that passion engendered by the conduct of persons other than the decedent can be made into provocation within the language of chap. 38, §9—2 * * *." (75 Ill. App. 2d 163, 183, 220 N.E.2d 600.) This same view was also expressed in *People v. Brown* (1974), 19 Ill. App. 3d 757,

312 N.E.2d 789. See also *Tripp v. State* (1977), 36 Md. App. 459, 374 A.2d 384.

We believe the view expressed in these cases is applicable to the present case. Here, defendant admittedly shot both June Luciano and Hermes Roman as the result of passion engendered by the decedent. Neither Luciano nor Roman provoked defendant. Based on *Wax*, if either of the men had died as a result of his wounds, defendant could have been guilty of murder. However, since they did not die, the trial court found defendant guilty of the lesser offense of attempt murder. In view of all of the facts in this case, and because defendant could not have been found guilty of attempt voluntary manslaughter since no such offense exists (*People v. Weeks* (1967), 86 Ill. App. 2d 480, 485, 230 N.E.2d 12, 14), defendant was properly found guilty of attempt murder.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.