THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD K. GIBSON, Defendant-Appellant.

First District (1st Division)    No. 80-0638

Opinion filed August 24, 1981.

George B. Collins and Paula M. Uscian, both of Collins & Amos, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Adam N. Stillo, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

After a jury trial, defendant Ronald K. Gibson was convicted of aggravated battery, attempt murder and armed violence. The trial court merged the charges of attempt murder and aggravated battery into the armed violence charge and entered judgment on the armed violence verdict. Defendant was sentenced to eight years imprisonment. Defendant appeals, contending that (1) the jury should not have been allowed to consider the offense of armed violence because (a) only the more specific offenses of aggravated battery and attempt murder should have been submitted to the jury, and (b) the armed violence charge involved the same factual elements as the charges of aggravated battery and attempt murder; (2) the court erred in denying defendant's motion for mistrial because (a) the trial court permitted the prosecutor to misstate evidence during summation, (b) the trial court permitted the prosecutor to state in the presence of the jury his personal belief regarding the evidence, and (c) the trial court refused to allow defendant to rebut the prosecutor's statement that defendant's testimony was a recent fabrication; (3) the trial court erred (a) in refusing defendant's tendered instructions regarding the issue of self-defense in the attempt murder charge and (b) in directing the jury to find defendant was armed with a dangerous weapon; and (4) the court erred in instructing defendant not to testify concerning statements he had made after his arrest.

Both defendant and Earl "Shorty" Greer, the victim, were employed at the Ford Motor Company Stamping Plant in Chicago Heights, Illinois.

On October 21, 1978, Greer was shot by defendant while they were in the shop area of the plant. Greer was taken to St. James Hospital. He suffered a gunshot wound to the chest, but the bullet could not be removed. At the time of the trial, Greer was in Mt. Sinai Hospital and was comatose.

Greer and defendant apparently engaged in a "heated" discussion or argument prior to the shooting regarding some welding. It was defendant's position that he acted in self-defense. Defendant testified that Greer reached over to a work table for a piece of iron or tubing before defendant shot him. However, a defense witness, Edward Lippold, another employee at Ford Motor Company, testified that Greer had nothing in his hands at the time of the shooting or 15 minutes before the shooting. The State's rebuttal witness, Audrey Martin, another employee at Ford Motor Company, also testified that Greer had nothing in his hands at the moment of the shooting.

Prior to the shooting, defendant had been drinking. He could not completely recall the events leading to the shooting, those people with whom he had been drinking or with whom he associated after he arrived at Ford Motor Company but before he shot Greer. Another State's witness, Edgar Jacks, saw defendant at the plant just prior to the shooting. Defendant showed Jacks a loaded handgun. Defendant also showed the gun to another employee, Danny McCord.

Defendant's first contention is that the court erred in allowing the jury to consider the offense of armed violence because (a) only the more specific offenses of attempt murder and aggravated battery should have been before the jury and (b) the armed violence charge involved the same factual elements as the remaining charges of attempt murder and aggravated battery.

Defendant was charged with one count of armed violence based on the underlying felony of attempt murder and one count of armed violence based on the underlying felony of "aggravated battery, by shooting Earl Greer with a gun." The jury returned a verdict of guilty of armed violence without indicating which felony constituted the underlying felony. The jury also found defendant guilty of attempt murder and aggravated battery. As stated, the trial court merged the charges of attempt murder and aggravated battery into the armed violence charge and entered judgment and sentenced defendant only on the armed violence verdict.

■■ In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, our supreme court found that the armed violence statute could not be applied to a charge of aggravated battery where the battery was enhanced because of the use of a deadly weapon. Therefore, defendant's conviction here for armed violence if based only on the underlying felony of aggravated battery could not stand. However, defendant was also charged with armed violence based upon the underlying offense of attempt murder

and a general finding of guilty is presumed to be based upon any good count in the indictment to which the proof is applicable. (*People v. Savage* (1955), 5 Ill. 2d 296, 125 N.E.2d 449; *People v. Randolph* (1954), 2 Ill. 2d 87, 116 N.E.2d 876; *People v. Mimms* (1976), 40 Ill. App. 3d 942, 353 N.E.2d 186.) Thus, the armed violence verdict could properly be based on the underlying felony of attempt murder.

■■ We reject defendant's argument that only the more specific offense of attempt murder and aggravated battery should have been considered by the jury. Because there was evidence presented at trial to support a conviction for armed violence based on attempt murder, the jury was properly instructed to consider that offense. See *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.

■■ We also reject defendant's argument that, because the armed violence charge involved the same factual elements as the remaining charges of attempt murder and aggravated battery, the jury should not have been allowed to consider the armed violence charge. We find no error was committed in allowing the jury to consider the armed violence charge, because there was evidence presented at trial to support a conviction for armed violence.

■■ Multiple convictions and sentences based on the same physical act are improper and,where more than one charge arises from the same physical act, only the conviction for the more serious offense may stand. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U. S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273; *cf. People v. Feierabend* (1981), 98 Ill. App. 3d 731, 424 N.E.2d 765; *People v. Lynom* (1981), 97 Ill. App. 3d 1113, 423 N.E.2d 1281; *People v. Best* (1981), 97 Ill. App. 3d 1083, 424 N.E.2d 29 (all holding that convictions for both armed violence and for the underlying felony may stand where the offense upon which the armed violence is predicated is a felony by statutory definition when committed *without* possession or use of a dangerous weapon and defendant acts while armed with such a weapon).) However, here no problem of multiple convictions and sentences exists because the trial judge found that aggravated battery and attempt murder merged into armed violence based on attempt murder and entered judgment and sentenced defendant only for armed violence. Because defendant was armed with a handgun, which is a Category I weapon, armed violence here is a Class X felony. Attempt murder is also a Class X felony. Because both attempt murder and armed violence here are Class X felonies, we find no error in sentencing for the armed violence conviction.

Defendant argues that the trial court erred in denying defendant's motion for mistrial because (1) the trial court permitted the prosecutor to misstate the evidence during summation; (2) the trial court also permitted

him to state his personal belief in the jury's presence regarding the evidence; and (3) the trial court improperly refused to allow defendant to rebut the prosecutor's statement that defendant's testimony was a recent fabrication.

Defendant first asserts that the first instance where the prosecutor misstated the evidence was his comment that "Lippold who testified on the defendant's behalf told you that they were six feet away at least" at the time of the incident. Defendant's counsel objected because Lippold did not testify as to the relative positions of Greer and Gibson at the time of the incident and the prosecutor had misstated the evidence. The State notes, however, that the prosecutor corrected the misstatement at trial.

■■ We find that defendant was not prejudiced for the reason that the prosecutor made a timely correction of his misstatement. (See *People v. Dorsey* (1968), 98 Ill. App. 2d 259, 240 N.E.2d 391.) Furthermore, the remark complained of was not serious enough to constitute a material factor in defendant's conviction. *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739; *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363; *People v. Berry* (1960), 18 Ill. 2d 453, 165 N.E.2d 257, *cert. denied* (1960), 364 U.S. 846, 5 L. Ed. 2d 69, 81 S. Ct. 87.

Defendant also complains that the prosecutor misstated the evidence when he commented that Greer raised his arm above his head. The State argues that this statement was not prejudicial to defendant because it supports defendant's position that he acted in self-defense and because there was testimony that Greer was holding a pipe or other object.

■■ We find that defendant was not prejudiced by this comment because it was a comment favorable to defendant's theory that he acted in self-defense. Furthermore, the verdict in this case could not have been otherwise had this remark not been made. *People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739.

The final claimed instance of misstatement of the evidence is the remark that only defendant had testified to the fact that Greer had threatened him with physical violence. We find no prejudice to defendant for the reason that a timely correction of the misstatement was made. See *People v. Dorsey* (1968), 98 Ill. App. 2d 259, 240 N.E.2d 391.

Defendant also asserts that the trial court improperly permitted the prosecutor to state his personal belief in the jury's presence regarding the evidence and therefore his motion for mistrial should have been granted. During summation before the jury, the prosecutor stated with regard to defendant's testimony: "He [defendant] is lying to you."

It is well settled that a prosecutor may discuss the witnesses and their credibility in closing argument (*People v. Hardy* (1979), 70 Ill. App. 3d 351, 387 N.E.2d 1042; *People v. Franklin* (1976), 42 Ill. App. 3d 408, 355

N.E.2d 634) and that a prosecutor may infer that a witness' testimony is false if he relies on the evidence and legitimate inferences from it to support his argument. *People v. Hardy; People v. Owens* (1977), 46 Ill. App. 3d 978, 361 N.E.2d 644.

■■ Because the record reflects that defendant's version of the incident was contradictory to that of the State's witnesses, the prosecutor did not act improperly in discussing defendant's credibility in closing argument. See *People v. Hardy.*

A prosecutor has wide latitude in his closing arguments. (*People v. Olejniczak* (1979), 73 Ill. App. 3d 112, 390 N.E.2d 1339.) Furthermore, since the trial judge has a superior opportunity to determine the propriety of the argument, these issues are generally left to the trial court absent a clear abuse of discretion. *People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408.

Defendant also claims error because the prosecutor uttered the word "Jesus" during the trial when defendant was testifying. The record reflects that the trial judge heard the remark, but did not know if the remark was heard by the jury. The trial judge instructed the jury to disregard the remark. We find that no prejudice resulted to defendant.

After reviewing the record, we find that the closing arguments and the other comments made by the prosecutor, even if improper, did not constitute "a material factor in the conviction" and thus were not reversible error. *People v. Clark; People v. Berry.*

Defendant next asserts that the trial court improperly refused to allow defendant to rebut the prosecutor's statement that defendant's testimony was a recent fabrication:

> "This guy came in here a year and a half after it and now he wants to justify why he shot Shorty and he's telling you he had a piece of metal in his hand. You're going to have to judge the credibility."

Defense counsel objected to this remark and sought to have defendant brought to the stand to testify that he had previously stated to Investigator Orsini that he acted in self-defense. The trial court overruled this objection, finding that the remarks were fair comment because they were directed at the credibility of defendant's theory and were not directed at recent fabrication.

■■ We agree with the trial court; but, even if the remark is characterized as an indication of recent fabrication, the trial court did not err when it denied defendant's request to be recalled to testify. Whether to permit the recall of a witness is a question directed to the sound discretion of the trial court. (*People v. Harris* (1979), 74 Ill. 2d 472, 386 N.E.2d 60.) We do not find an abuse of discretion; and, even if error, it was harmless. *People v. Harris.*

Defendant next argues that the trial court erred (1) in refusing defendant's tendered instructions regarding the issue of self-defense on the attempt murder charge and giving instead an IPI instruction regarding self-defense and (2) in directing the jury to find defendant was armed with a dangerous weapon.

Defendant's refused instruction was non-IPI and provided that, if the jury found that defendant believed it necessary to use force in his defense but that belief was unreasonable, he must be found not guilty of attempt murder. The jury was given the IPI instruction on self-defense based on a reasonable belief in the necessity to use force.

■■ Initially, we note that only where there is no IPI instruction that accurately reflects the applicable law should a non-IPI instruction be given. (*People v. Dordies* (1978), 60 Ill. App. 3d 621, 377 N.E.2d 245; *People v. Dickens* (1974), 19 Ill. App. 3d 419, 311 N.E.2d 705.) The jury here was given IPI instructions covering both self-defense and attempt murder. These instructions accurately reflected the applicable law. No error was committed in refusing to give defendant's non-IPI instruction. Indeed, to have given it would have been error. It dealt with the mental state which would reduce murder to voluntary manslaughter. Defendant was charged with attempt murder, not murder and the offense of attempt voluntary manslaughter does not exist. *People v. Soto* (1980), 89 Ill. App. 3d 995, 412 N.E.2d 688; *People v. Weeks* (1967), 86 Ill. App. 2d 480, 230 N.E.2d 12.

Defendant also argued that the trial court erred in giving two People's instructions covering armed violence and refusing to give two defendant's instructions. All four were non-IPI instructions. The two given People's instructions provided:

> "A person commits armed violence when he commits the offense of attempt murder (aggravated battery) while armed with a dangerous weapon."

> "A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwise armed with a revolver."

Defendant argues that his instructions would have limited the armed violence instruction to the language of the statute and that the instructions given directed the jury to find against defendant on the element of the charge of armed violence, that of being armed with a dangerous weapon.

■■ We find no error in the giving of these instructions. The instructions merely define when a person is armed with a dangerous weapon and did not instruct the jury to find that defendant was so armed. Defendant's instructions were properly refused.

Defendant also argues that the trial court erred in granting the State's oral motion *in limine* to bar admission into evidence of all testimony by

Gibson and other witnesses as to any out-of-court statements made by defendant which would be consistent with his trial testimony. This was error, he claims, because the statements defendant made immediately after his arrest are part of the *res gestae* or were spontaneous declarations. The report of Investigator Orsini indicates that upon his arrest defendant informed Orsini that he had shot Greer in self-defense because Greer had an iron in his hand at the time. Defendant testified that he had been drinking both before and after the incident. He testified that he had been drinking whiskey and beer that day. He also testified that while driving home after the incident he stopped off to buy a pint of whiskey, which he drank within a few minutes. Defendant contends that his statement to Investigator Orsini upon his arrest should have been admitted as a spontaneous declaration. Defendant argues further that, even though the statement was made hours after the incident, because defendant was intoxicated he had no time to fabricate the self-defense theory. We disagree.

Three factors are necessary to bring a statement within the excited utterance or spontaneous declaration exception to the hearsay rule: (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence. (*People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.) Trial courts are vested with considerable discretion in admitting testimony which comes within the spontaneous declaration exception to the hearsay rule, for each case must rest on its own facts. *Thomas v. Goodman* (1977), 52 Ill. App. 3d 774, 365 N.E.2d 1314.

■■ Here, the statement was made at least three hours after the incident. Even assuming defendant was intoxicated, we do not find that his state of intoxication precluded the "opportunity for reflection and invention." (*People v. Poland* (1961), 22 Ill. 2d 175, 181, 174 N.E.2d 804.) We find that defendant's statement does not qualify as a spontaneous declaration.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and McGLOON, JJ., concur.