THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
REDMOND NEELY, Defendant-Appellant.

Third District   No. 82—832

Opinion filed January 31, 1984.

STOUDER, P.J., dissenting.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

After a jury trial in the circuit court of Kankakee County the

defendant, Redmond Neely, charged with aggravated battery, was found guilty of the offense but mentally ill.

On this appeal three issues are presented. May the provisions of the statute authorizing a verdict of guilty but mentally ill be applied to a criminal offense occurring before the effective date of the statute? Was the instruction relative to insanity and mental illness so confusing that the defendant was deprived of a fair trial? Did the trial court fail to weigh certain mitigating factors before imposing the maximum sentence for aggravated battery?

In view of the nature of the issues presented any detailing of the circumstances of the incident are unnecessary. It is sufficient to say that the charge of aggravated battery grows out of an incident occurring on August 9, 1981, in which the victim, Henry Washington, was seriously injured after being shot by the defendant as a result of an argument and a fight. The defendant raised the affirmative defenses of insanity and self-defense. Extensive evidence of defendant's mental history was presented including hospitalizations commencing in 1975, which was the year of his discharge from the army on account of bizarre behavior. A psychiatrist testifying in behalf of the defendant generally supported his claim of insanity at the time of the offense. To refute this testimony the State also proffered the testimony of a clinical psychologist who testified the defendant was suffering from a mental illness but under the usual tests of insanity the defendant was not insane. At the close of the evidence, the State indicated it would not seek a straight guilty verdict, but instead would argue for a verdict of guilty but mentally ill. The court instructed the jury on that verdict and on the affirmative defenses of insanity and justifiable use of force. The jury returned a verdict of guilty but mentally ill on the aggravated battery charge.

■ The first issue, the constitutionality of applying the verdict of guilty but mentally ill (Ill. Rev. Stat. 1981, ch. 38, pars. 6—2(c), 6—4) to offenses occurring before the effective date of the statute, has previously been discussed by this court in *People v. Dalby* (1983), 115 Ill. App. 3d 35. In *Dalby* we adopted the position that applying the statute to prior offenses was not constitutionally impermissible, and we adhere to our position in that case.

We next consider whether the court erred in giving an instruction. The State proceeded on the theory that the defendant was guilty of aggravated battery, but mentally ill at the time of the offense. In light of the theories of the defense and prosecution, the jury received instructions defining insanity, mental illness, self-defense and aggravated battery. Further, the State presented its instruction No. 7 to at-

tempt to convey the elements of the case to the jury. The instruction was given over a defense objection that it was a nonpattern instruction and was not consistent with the law in issue in the case. On appeal, the defendant argues the instruction confused the jury by distorting the burden of proof of insanity. The objection of defense counsel at trial was so vague as to warrant a finding that the objection was not sufficiently specific to inform the trial court of the legal basis for the objection. Thus, this court could hold the point of the objection now argued on appeal was waived. However, in light of the probability that the combination of instructions on insanity and mental illness in future cases will give rise to the issue presented here on appeal, we shall decide the issue.

The instruction No. 7 reads as follows:

"To sustain the charge of Aggravated Battery, the State must prove the following propositions:

First: That the defendant knowingly or intentionally caused bodily harm to Henry C. Washington; and

Second: That the defendant used a deadly weapon; and

Third: That the defendant was not justified in using the force which he used; and

Fourth: That the defendant was sane at the time of the offense.

If you find from your consideration of all the evidence that each one of the propositions has been proved beyond a reasonable doubt, and you find, beyond a reasonable doubt, that the defendant was suffering from a mental illness at the time of the occurrence, you should find the defendant guilty but mentally ill.

If you find from your consideration of all the evidence that, first, the defendant knowingly caused bodily harm to Henry C. Washington, second, that the defendant used a deadly weapon, and third, that the defendant was not justified in using the force which he used, but that the defendant was insane at the time of the occurrence, then you should find the defendant not guilty by reason of insanity.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

In the case at hand, the trial court was faced with the difficult problem of combining an instruction on the insanity defense with an instruction on the new status of guilty but mentally ill. Consequently, the trial court tailored standard instructions to be compatible with the

new verdict. The issues and elements instruction quoted above is a modification of Illinois Pattern Jury Instruction (IPI), Criminal, No. 11.10 (2d ed. 1981) (issues instruction on aggravated battery) and the Introduction to IPI Criminal ch. 24—25.00 (affirmative defenses). The Introduction (IPI Criminal ch. 24—25.00, at 547-48 (2d ed. 1981)) provides some guidance in drafting an instruction which will include the elements or issues of an affirmative defense. Nevertheless, the Introduction is not law. The trial court is allowed to deviate from the suggested instructions and format where necessary to conform to unusual facts or new law. 87 Ill. 2d R. 451(a); *People v. Gibson* (1981), 99 Ill. App. 3d 1068.

■ The Introduction (IPI Criminal No. 24—25.00 (2d ed. 1981)) suggests that elements or issues of an affirmative defense should be treated in two ways; first, by definition following the definition of the crime with which the defendant is charged; second, in the same instruction with the issues or elements of the crime and the State's burden of proof. The Introduction recommends that the instructions be superimposed so that the jury receives a single instruction covering all the issues in the case. The trial court defined the affirmative defenses of insanity and justifiable use of force with court's instruction No. 3 and defendant's instruction No. 2 respectively, and defined the crime charged with People's instructions Nos. 1 and 2. The instructions are clear, to the point and substantially comply with the suggested first treatment.

The second suggested treatment is satisfied by People's instruction No. 7. Paragraphs one and two spell out the elements of the crime and the State's burden of proof and include a reference to the justifiable use of force and the status of guilty but mentally ill. Paragraphs three and four also spell out the elements of the crime and the State's burden of proof and include a reference to the justifiable use of force and the status of insanity. People's instruction No. 7 sets forth the elements of the crime, the State's burden of proof and provides the jury with a single instruction covering all of the issues in the case, as suggested by the Introduction. Furthermore, any doubt in the minds of the jury about the State's burden was initially dispelled by the court's instruction No. 5. Court's instruction No. 5, given before People's instruction No. 7, unequivocally states the defendant's presumption of innocence and places the burden on the State to prove the defendant's guilt. People's instruction No. 7, although perhaps not the best possible instruction, when read together with the other instructions, demonstrates a reasonable approach to the difficult problem of combining an instruction on the status of guilty but mentally ill

with the affirmative defense of insanity and shall be upheld by this court.

Before moving to the third issue, this court would like to note that it does not subscribe to the arguments of both the State and the defendant which urge this court to evaluate People's instruction No. 7 under the mandate found in section 115—4(j) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1981, ch. 38, par. 115—4(j)). The above-cited statute is not applicable to People's instruction No. 7. People's instruction No. 7 is an issues and elements instruction. The statute is only applicable to special verdicts. See *People v. Eckles* (1980), 83 Ill. App. 3d 292, 304.

■■ In the third issue, we are asked to determine whether the trial court failed to weigh certain mitigating factors when sentencing the defendant. Statutory mitigating factors are found in section 5—5—3.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.1). Specifically, the defendant claims "there were substantial grounds tending to excuse or justify the defendant's criminal conduct ***." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.1(a)(4).) The defendant alleges that his mental illness is a substantial ground which the trial court failed to consider in mitigation. We disagree. The record indicates the trial court methodically reviewed the statutory factors in mitigation and was as aware of the defendant's mental illness as his propensity for abnormal and dangerous behavior.

A trial court is given wide discretion to exercise its sentencing power and will not be reversed unless there is an abuse of discretion. We find the trial court did not abuse its discretion and imposed a fair sentence.

For the reasons set forth above the judgment of the trial court is affirmed.

Affirmed.

BARRY, J., concurs.

JUSTICE STOUDER, dissenting:

I must disagree with the majority that the issues and elements instruction adequately instructed the jury as to all of the elements of the crime and adequately set forth the State's burden of proof. Not only is instruction No. 7 confusing and internally inconsistent, but the format of the instruction does not comply with the Introduction's recommendations (IPI Criminal ch. 24—25.00 (2d ed. 1981)), nor did the judge specially instruct the jury in accordance with the mandate of

section 115—4(j) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4(j)). The result was that the jury was not adequately instructed with respect to the affirmative defense of insanity, and therefore instruction No. 7 should not have been given.

I take exception specifically with paragraph three of instruction No. 7, which attempts to combine two affirmative defenses with the crime of aggravated battery and instruct the jury as to when it should find the defendant not guilty by reason of insanity. As the majority points out, there is no approved instruction combining the affirmative defense of insanity with the finding of guilty but mentally ill. The Introduction suggests how the jury is to be instructed when an affirmative defense is raised.

The Introduction (IPI Criminal ch. 24—25.00 (2d ed. 1981)) states:

> "The Committee believes that elements or issues of an affirmative defense should be treated in two ways: *first*, by definition following the definition of the crime with which the defendant is charged; *second*, in the same instruction with the issues or elements of the crime and the State's burden of proof. See Chapters 6 through 23, supra. The appropriate issues and burden of proof defenses instruction should be superimposed upon the appropriate issues and burden of proof crimes instruction so that the jury receives a single instruction covering all of the issues in the case. See Chapter 27, infra, for examples." (IPI Criminal ch. 24—25.00, at 548 (2d ed. 1981).)

Paragraph three of this instruction does not conform to the Introduction because the wording of paragraph three has been changed and instead of requiring the State to prove defendant's sanity beyond a reasonable doubt, the instruction requires that the defendant be found insane. This is certainly not an adequate statement of the State's burden as is required by the Introduction. Although, as the majority suggests, the Introduction does not have the force of law, it is a valuable guideline and should have been followed if possible in this case.

Both parties argue that we should also consider section 115—4(j) of the Code of Criminal Procedure of 1963 as it applies to instructing the jury on the insanity defense. Unlike the majority, I do not read *People v. Eckles* (1980), 83 Ill. App. 3d 292, 404 N.E.2d 358, as limiting the application of section 115—4(j) to special verdicts alone. The statute provides:

> "(j) Unless the affirmative defense of insanity has been presented during the trial, the jury shall return a general verdict as to each offense charged. When the affirmative defense of insanity has been presented during the trial, the court shall pro-

vide the jury not only with general verdict forms but also with a special verdict form of not guilty by reason of insanity, as to each offense charged, and in such event the court shall separately instruct the jury that a special verdict of not guilty by reason of insanity may be returned instead of a general verdict but such special verdict requires a finding by the jury that the defendant committed the acts charged but at the time of the commission of those acts the defendant was insane. In the event of a verdict of not guilty by reason of insanity, the jury shall state in its verdict whether or not the defendant has recovered from his former condition of insanity" (Ill. Rev. Stat. 1981, ch. 38, par. 115—4(j))

and clearly refers to instructing the jury. In *Eckles* the court held the special instruction and verdict form were not subject to the charge that it shifted the burden of proof to the defendant but in doing so the court emphasized that the other instructions which presumably included definitions, issues instructions and burden of proof instructions, had unequivocally cast the burden upon the State. Not only is the third paragraph of People's instruction No. 7 substantially different from the language of the statute, it is not separate and distinct from those instructions establishing the burden of proof on the State to prove the sanity of the defendant. I believe the procedure described in the statute should have been followed and the third paragraph of the instruction should not have been included in the issues instruction.

The inclusion of paragraph three in People's instruction No. 7 also gives rise to several other problems. The first of the three propositions described in this paragraph states the defendant "*** knowingly caused bodily harm ***" and yet the jury might find him insane. At best this conflict is confusing. Again in People's instruction No. 7 the fourth paragraph refers to "*** any one of these propositions ***." What propositions do "these propositions" refer to? Do they refer to the four propositions in paragraph one, to the fifth proposition on mental illness in paragraph two, or to the three propositions in paragraph three? As a part of the pattern instruction, paragraph four of People's instruction No. 7 would usually follow the first paragraph of the instruction but when paragraph three is added to the instruction paragraph four becomes highly confusing if not meaningless. Furthermore, because the wording in paragraph three has been changed from IPI Criminal No. 24—25.01A, specifically the word "sane" has been changed to "insane" and "guilty" to "not guilty," the clear implication is that the defendant must prove himself insane. Worse yet, when

paragraph three is read together with the final paragraph, the jury is instructed to find the defendant not guilty if the defendant is not proved insane beyond a reasonable doubt. The double negative calls for the jury to find the defendant not guilty if he was sane at the time of the commission of the crime. This is clearly not an adequate instruction.

I believe the inclusion of paragraph three in People's instruction No. 7 was error and was reversible error because it resulted in the jury not being adequately instructed on the elements of the case. (*People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532.) I, therefore, would have reversed the circuit court of Kankakee County.