THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LESTER GENE GOBER, JR., Defendant-Appellant.

Fourth District   No. 4—85—0705

Opinion filed August 13, 1986.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Mark T. Zubor, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant, Lester Gene Gober, Jr., was charged in the circuit court of Macon County with unlawful use of a weapon by a felon (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1) and aggravated assault (Ill. Rev. Stat. 1983, ch. 38, par. 12—2). The aggravated-assault charge was dismissed. Following a jury trial defendant was found guilty of unlawful use of a weapon by a felon and sentenced to three years' imprisonment. Defendant's arguments on appeal are limited to the question of whether the State proved beyond a reasonable doubt that defendant had received a prior felony conviction. Our discussion of the facts is limited to those facts necessary for resolution of defendant's arguments.

On August 8, 1984, defendant entered a tavern in Decatur, Illinois, brandishing a gun. The gun was either taken away from or voluntarily surrendered by defendant. Upon the arrival of the police, the gun was turned over to an officer.

Officer James Anderson spoke with defendant at about 11:30 p.m. on August 8, 1984. Over defendant's objection, Officer Anderson testified that defendant told him that he had "just got out of the penitentiary for shooting and that he had shot a faggot." Officer Anderson admitted that defendant revealed neither the exact crime for which he had been convicted nor whether the person he shot died.

The State sought to introduce People's exhibit No. 2, a document from a Mississippi circuit court, showing that in 1975 a Lester Gober, Jr., was found guilty of manslaughter and sentenced to 18 years' imprisonment. The document was signed by the judge presiding over the Mississippi proceedings and certified as a true copy by the circuit clerk. Defendant objected to the admission of the document, arguing that it was neither a judgment order nor proof that defendant had received a prior felony conviction. People's exhibit No. 2 was admitted into evidence.

As mentioned earlier, a jury found defendant guilty of unlawful

use of a weapon by a felon. The sentencing hearing was consolidated with the sentencing hearing for defendant's conviction for a violation of bail bond (Ill. Rev. Stat. 1983, ch. 38, par. 32—10). Defendant was sentenced to consecutive terms of three years' imprisonment for the conviction of unlawful use of a weapon by a felon and one year's imprisonment for the conviction of a violation of bail bond. Defendant filed a timely notice of appeal.

■ Section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1) provides:

> "Unlawful Use of Weapons by Felons. (a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of Law Enforcement pursuant to Section 10 of 'An Act relating to the acquisition, possession, and transfer òf firearms and firearm ammunition, to provide a penalty for the violation thereof and to make an appropriation in connection therewith', approved August 3, 1967, as amended.
>
> (b) Violation of this Section shall be a Class 3 felony."

In order to secure a conviction under this section, the State must not only prove a defendant's possession of a firearm, firearm ammunition, or weapon specified in 24—1(a) of the Criminal Code of 1961 but it must also prove that the defendant had received a prior felony conviction. *Cf. People v. Vaughn* (1985), 136 Ill. App. 3d 342, 483 N.E.2d 417 (interpreting a prior statute (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(b)) which provided that the offense of unlawful use of weapons could be enhanced to a felony by proof that the offense occurred within five years of a felony conviction or within five years of release from the penitentiary for a felony conviction).

On appeal defendant argues only that the State failed to prove beyond a reasonable doubt that he had received a prior felony conviction. Defendant argues that the statements he made to Officer Anderson were insufficient to prove that he had received a prior felony conviction. He also argues that People's exhibit No. 2 was improperly admitted and insufficient to show that he had received a prior felony conviction. He states further that even if People's exhibit No. 2 were properly admitted and otherwise sufficient, no evidence was presented showing that he was the Lester Gober, Jr., convicted of man-

slaughter in Mississippi in 1975. The State argues that People's exhibit No. 2 was properly admitted and that the burden was on defendant to show that he was not the Lester Gober, Jr., named in People's exhibit No. 2. The State cites the rule enunciated in *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, that identity of name gives rise to a rebuttable presumption of identity of person.

■ The traditional rule in Illinois has long been that a prior conviction can be proved only by the record or an authenticated copy (sometimes called an exemplified copy) showing the caption, return of indictment in open court by the grand jury, the indictment and arraignment of the defendant, paneling of the jury, and the final judgment of the court. (*People v. Slaughter* (1980), 84 Ill. App. 3d 88, 95, 404 N.E.2d 1058, citing *People v. Lane* (1948), 400 Ill. 170, 79 N.E.2d 65; see generally E. Cleary & M. Graham, Illinois Evidence sec. 609.6 (4th ed. 1984).) As defendant correctly argues, the State failed to prove by either means beyond a reasonable doubt that defendant had received a prior felony conviction.

■ Defendant argues first that the statements made to Officer Anderson were insufficient to prove that defendant had received a prior felony conviction. We agree. The statements made to Officer Anderson do not indicate that defendant received a prior felony conviction. As Officer Anderson readily admitted, defendant did not reveal any information concerning the nature of the offense for which he had been incarcerated. Therefore, the testimony of Officer Anderson does not establish sufficient proof to show that defendant had received a prior felony conviction.

■ Defendant argues next that People's exhibit No. 2 was improperly admitted and insufficient to show that defendant had received a prior felony conviction. We agree that People's exhibit No. 2 was insufficient to show that defendant had received a prior felony conviction. People exhibit No. 2 is not an *authenticated* copy of a conviction containing the matters set forth in *Slaughter*; it is merely a certified copy of a docket entry showing that a "Lester Gober, Jr.," was found guilty of manslaughter by a jury and sentenced to 18 years' imprisonment by the court. To be authenticated, the conviction must contain the necessary attestation of a judge of the court and certification of the clerk of the court. (See generally 30 Am. Jur. 2d *Evidence* sec. 966 (1967).) Further, the docket entry failed to show the indictment or information filed against defendant. For these reasons, the State failed to prove beyond a reasonable doubt that defendant had received a prior felony conviction.

■ We are aware of cases in Illinois in which certified copies of

convictions or other documents have been held sufficient as proof of a prior conviction; however, these cases have all dealt with prior Illinois convictions or prior convictions in foreign jurisdictions admitted for impeachment purposes only. (*E.g.*, *People v. Wheeler* (1955), 5 Ill. 2d 474, 126 N.E.2d 228 (holding that a certified copy of an Illinois conviction is sufficient proof of the conviction and noting that authentication is not necessary to impart verity to a record of a court of Illinois when the record is to be used in an Illinois judicial proceeding); *People v. Rosenfeld* (1962), 25 Ill. 2d 473, 185 N.E.2d 236 (holding that an exemplified copy of "court minutes" showing a conviction in California was sufficient for impeachment purposes).) Such cases are easily distinguishable. We hold only that in order to prove a prior felony conviction from a jurisdiction other than Illinois as an element of the offense of unlawful use of a weapon by a felon, the State must establish the conviction by the record or by an authenticated copy of the conviction showing the caption, return of indictment in open court by the grand jury or the filing of the information, the arraignment of the defendant, the paneling of the jury, and the final judgment of the court.

This court's earlier opinion in *People v. Free* (1983), 112 Ill. App. 3d 449, 445 N.E.2d 529, is not contrary to our holding herein. In *Free* the defendant, Moses Free, was charged with having committed in November 1981 the felony offense of unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)) discussed earlier. Evidence was presented at trial that a "Moses Free" had been incarcerated in a State prison and was released in January 1980 and that defendant came under the supervision of a parole officer in September 1980. We stated that this "was probably insufficient proof that defendant was the 'Moses Free' who had been released in January 1980." (112 Ill. App. 3d 449, 454, 445 N.E.2d 529, 533.) We noted, however, that this proof, combined with the presentence report showing that defendant was convicted of murder in 1971 and released on parole in 1980, was sufficient to prove defendant's prior conviction and release within five years of the commission of the felony offense of unlawful use of weapons. We also noted that defendant's argument had been waived since he admitted having committed the prior offense and having been discharged from the penitentiary in January 1980 during his arraignment. The defendant in *Free* apparently challenged only the sufficiency of the proof that he was the "Moses Free" referred to at trial and not the manner of proof. Therefore, *Free* is distinguishable from the instant case, and, in any event, our decision in *Free* rested on principles of waiver.

Having concluded that the State failed to prove beyond a reasonable doubt that defendant had received a prior felony conviction, we need not reach defendant's alternative argument concerning the sufficiency of the proof that the "Lester Gober, Jr.," named in People's exhibit No. 2 was the same person as defendant.

For the foregoing reasons, the judgment of the circuit court of Macon County convicting defendant of unlawful use of a weapon by a felon and sentencing defendant to three years' imprisonment is reversed.

Reversed.

McCULLOUGH, P.J., and GREEN, J., concur.