THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EZELL LESURE, Defendant-Appellant.

First District (3rd Division)    No. 1—94—0174

Opinion filed April 5, 1995.

Rita A. Fry, Public Defender, of Chicago (Lester Finkle, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Michael Cho, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant Ezell Lesure (a/k/a Lezure) was convicted of unlawful use of a firearm by a felon and sentenced to five years in prison. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt. We agree and thus reverse his conviction.

Prior to trial, defense counsel filed a motion to quash defendant's arrest and suppress evidence. The hearing on the motion was held simultaneously with the bench trial. When defense counsel objected to portions of testimony as hearsay, the trial judge indicated that any hearsay evidence would be admitted solely for consideration of the motion to suppress and not for the purposes of the trial.

Officer Richard Coughlan testified that about 12:20 p.m. on August 18, 1991, he responded to a report of a man with a gun at 5417 South Carpenter. Coughlan, who was patrolling near 5300 South Carpenter, arrived at the location a short time later where he was met by Mr. Matthews. Matthews told Coughlan that a man named Ezell, who was driving a yellow Cadillac, had just pointed a rifle at

him and threatened to kill him. Matthews then accompanied Coughlan and his partner to 5244 South Morgan where, in an alley behind that address, Coughlan observed a yellow Cadillac. When Matthews identified the car as the one driven by Ezell, Coughlan and his partner proceeded up the back stairs of the building and onto a second-floor rear porch. Coughlan, who then observed defendant and a young woman sitting at a table inside the building, asked the defendant his name. When defendant responded by identifying himself as Ezell Lesure, Coughlan entered the building and arrested defendant for aggravated assault.

Coughlan testified that after arresting defendant, he asked Diane Copeland, who had identified herself as the lessee of the premises, for her consent to search the apartment. According to Coughlan, Copeland granted the officers consent to search the apartment and read and signed the consent-to-search form presented to her. Coughlan then recovered a rifle found between two mattresses located in a bedroom of the apartment.

Defendant was then taken to the police station, read his *Miranda* rights and asked if he wanted to make a statement. According to Coughlan, defendant then stated that because Matthews had failed to pay defendant money he owed him, defendant went to Matthews' house with a gun.

Diane Copeland testified that on August 18, 1991, at approximately 12:20 p.m. four men entered her apartment and began to search the premises. Copeland stated that the men did not identify themselves or request permission to search the apartment. One officer retrieved a rifle which Copeland said belonged to her brother. Copeland testified that after defendant was arrested and removed from the apartment, one of the officers returned to the apartment and threatened to take her children if she did not sign a consent-to-search form.

The parties stipulated that defendant had been convicted of armed robbery on November 27, 1984, and sentenced to six years in prison.

After hearing the testimony, the trial court noted the existence of exigent circumstances and denied defendant's motion to quash his arrest. The court then granted defendant's motion to suppress the gun, finding that the consent-to-search form had been signed after the search. The court further found that the State had proved defendant guilty of unlawful use of a weapon by a felon beyond a reasonable doubt based upon defendant's admission to the police of his possession of the gun.

The sole issue raised on appeal is whether defendant was proved

guilty beyond a reasonable doubt. Specifically, defendant argues that the State failed to establish the *corpus delicti aliunde* defendant's statements.

It is well established that a confession alone is not sufficient to sustain a conviction. (*E.g., People v. Willingham* (1982), 89 Ill. 2d 352, 358, 432 N.E.2d 861.) To sustain a conviction the State must prove: first, that a crime occurred, *i.e.*, the *corpus delicti*, and second, that the crime was committed by the person charged. (*People v. Cloutier* (1993), 156 Ill. 2d 483, 503, 622 N.E.2d 774.) Where the defendant's confession is part of the proof of the *corpus delicti*, the State must also adduce corroborating evidence independent of the defendant's own admission. (*Cloutier*, 156 Ill. 2d at 503.) The independent, corroborating evidence need not rise to the level of proof beyond a reasonable doubt but must tend to confirm the defendant's own statement. *Cloutier*, 156 Ill. 2d at 503.

Section 24—1.1 of the Criminal Code of 1961 makes it a felony for a person to knowingly possess any firearm if the person has been convicted of a felony under the laws of this State or any other jurisdiction. (720 ILCS 5/24—1.1 (West 1992).) To convict under this section, the State must prove that the defendant possessed a prohibited firearm and that the defendant had received a prior felony conviction. *People v. Gober* (1986), 146 Ill. App. 3d 499, 501, 496 N.E.2d 1226.

■ In the present case, the parties stipulated as to defendant's prior felony conviction and defendant confessed to possession of a rifle. The trial court, however, suppressed the rifle. The only evidence available to convict defendant derived from defendant's confession and the testimonies of Officer Coughlan and Diane Copeland. The testimony of Ms. Copeland afforded no support to establish that defendant possessed a weapon. Officer Coughlan's testimony as to the occurrence was the recitation of the information he obtained from Mr. Matthews and was hearsay. Such evidence totally fails to satisfy the State's burden of proof. *Cf. People v. Halmon* (1992), 225 Ill. App. 3d 259, 587 N.E.2d 1182 (where the defendant's confession was corroborated by the testimony of the intended victim and physical evidence, the court upheld a conviction for attempted armed robbery); *People v. Henigan* (1986), 146 Ill. App. 3d 168, 497 N.E.2d 134 (the testimony of two eyewitnesses, coupled with the defendant's admission, was sufficient to sustain a conviction for unlawful use of firearms by a felon).

The State now argues on appeal that Matthews' statement to Coughlan was admissible for the purposes of trial under the excited utterance exception to the hearsay rule. We disagree.

The trial court combined the pretrial motion hearing with the trial. Although such consolidated method is not necessarily improper and the parties in the present case agreed, each proceeding inherently addresses different issues and operates under different rules. While Mr. Matthews' statement to Officer Coughlan could be used in relation to the pretrial motion, it was not admissible at trial because it indisputably constituted hearsay. The State did not offer Mr. Matthews' statement into evidence at trial or advance its admissibility as an excited utterance. Thus the trial court never had the opportunity to consider or rule on this issue. Moreover, the trial court did not articulate the distinctions in its rulings as to what evidence or testimony was admissible for purposes of the pretrial motion and not admissible for trial.

■ In any event, we find that Mr. Matthews' statement does not fall within the excited utterance exception to the hearsay rule. The requirements for admissibility as a spontaneous declaration or excited utterance and thus exceptions to the hearsay rule provide: (1) the occurrence of an event sufficiently startling to produce a spontaneous and unreflected statement; (2) absence of time to fabricate; and (3) a statement relating to the circumstances of the occurrence. (*People v. House* (1990), 141 Ill. 2d 323, 381, 566 N.E.2d 259.) Additional factors to consider include the nature of the event, the mental and physical condition of the declarant, and the presence or absence of self-interest. (*House*, 141 Ill. 2d at 382.) No one factor is determinative since each case must rest on its own facts and must be judged from the totality of the circumstances surrounding the event. See *People v. Smith* (1984), 127 Ill. App. 3d 622, 469 N.E.2d 634; *People v. Gibson* (1981), 99 Ill. App. 3d 1068, 425 N.E.2d 1208.

We believe that the surrounding circumstances in this case do not warrant the admission of Matthews' statement to Officer Coughlan as a spontaneous declaration or excited utterance. Although the event is certainly startling, there is no showing that the statement and the occurrence it seeks to describe were so close in time that the declarant did not have time to fabricate.

Moreover, the State clearly could have avoided any such testimonial problem by having Mr. Matthews testify. The trial court suppressed the physical evidence (the rifle) and the State proceeded to trial with only defendant's confession.

The record clearly reveals that the trial court convicted defendant based only on his confession. When the trial court entered its ruling the following exchange occurred:

"THE COURT: Under all the attending circumstances, I would find *based upon the admission,* that the State has proven the de-

fendant guilty beyond a reasonable doubt of the charge of unlawful use of weapons by a felon, and enter judgment on the finding. How does the defense wish to proceed?

[DEFENSE COUNSEL]: I don't quite understand the finding.

THE COURT: The gun is not necessary to the offense here. *The defendant admitted that he had the gun on the date in question.*

[DEFENSE COUNSEL]: Your Honor, if the Court is suppressing the evidence—

THE COURT: Suppressing the gun. *That leaves the statement."* (Emphasis added.)

Since a conviction cannot be sustained on the sole basis of defendant's confession, we reverse defendant's conviction for unlawful use of a firearm by a felon.

Reversed.

RIZZI and CERDA, JJ., concur.