2021 IL App (1st) 172504-U

No. 1-17-2504

Order filed March 22, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 13449 |
| | ) | |
| ANDRE McCOTTRY, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction for unlawful use of a weapon by a felon affirmed over his contention that the State failed to establish that he was previously convicted of a felony.

¶ 2    Following a bench trial, defendant Andre McCottry was found guilty of two counts of unlawful use of a weapon by a felon (UUWF) and three counts of aggravated unlawful use of a weapon (AUUW). The trial court merged the counts and sentenced defendant to three years in

prison for UUWF. On appeal, he contends that he was not proven guilty beyond a reasonable doubt when the State failed to prove that he had a prior felony conviction. We affirm.

¶ 3     Defendant was charged with two counts of UUWF (720 ILCS 5/24-1.1(a) (West 2016)), and three counts of AAUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(B); (a)(1), (a)(3)(C); (a)(1), (a)(3)(H) (West 2016)) following his August 17, 2016, arrest.

¶ 4     Immediately prior to trial, the prosecutor told the court that she showed a certified copy of conviction to defense counsel. After a brief pause, defense counsel responded that the defense was ready for trial.

¶ 5     Eduardo Fuentes, the owner of a used car dealership, testified that when he arrived at work on the morning of August 17, 2016, a truck was blocking the driveway. He exited his vehicle and was approached by defendant, who asked if Fuentes owned the business. Defendant had a guitar bag on his left shoulder. Defendant complained about the truck he purchased and asked for a refund. Fuentes asked why and defendant stated that the power steering leaked. When Fuentes stated that he had to "check it out," defendant began screaming "bad words." Fuentes told defendant to leave. Defendant replied that Fuentes would return the money, or he would regret it. Defendant then stood the bag upright and opened it. Fuentes saw a black object, like a pipe or a bat, inside. Fuentes walked closer to defendant, who zipped the bag, and told defendant to leave or the police would be called. Defendant did not leave, so Fuentes called the police. When the police arrived, Fuentes said he wanted defendant to leave and that defendant had something in the bag.

¶ 6     Chicago police officer John Lepowski testified that he responded to the scene with his partner, Officer Jesionowski, and spoke to Fuentes.[1] Then Lepowski stopped defendant and asked him to put down the black guitar bag. As defendant began to open the bag, Lepowski observed the barrel of a shotgun, so he told defendant to step away from the bag. Defendant put the bag down and stated that there was a shotgun inside. Jesionowski handcuffed defendant. Lepowski recovered a shotgun wrapped in a purple towel and a can containing ammunition from the guitar bag.

¶ 7     Chicago police detective Anthony Amato testified that after defendant was advised of the *Miranda* rights, he stated that he had the shotgun "in case something happened" as he tried to return his vehicle. Defendant added he found the shotgun and ammunition in an alley the previous year.

¶ 8     At the close of the State's case, the following exchange took place:

"[THE STATE]: And, Judge, the final piece [of evidence] is [that] the State is submitting a certified copy of conviction from the Superior Court of California, County of Los Angeles showing that the defendant is a convicted felon for inflicting corporal punishment or injury to a spouse slash cohabitant under PC 273.5, that's the penal code for California. That would be People's Exhibit 3.

[DEFENSE COUNSEL]: Judge, we do have a copy. Judge, we're objecting to it, we're objecting for the record as to it being a felony conviction.

THE COURT: What do you mean? You're objecting saying it's not a felony conviction?

---

[1] The report of proceedings does not contain Officer Jesionowski's given name.

[DEFENSE COUNSEL]: Yes, Judge, that would be our objection.

THE COURT: A certified copy of disposition of that particular case for Andre McCottry, there was a finding—conviction on Count 1. Certified copy, itself, lists Count 1 as a felony under 273.5 of the penal code. How is it not a felony conviction?

[DEFENSE COUNSEL]: Judge, that's just based on conversation with my client."

¶ 9    Counsel explained that defendant asserted "he was found guilty of not a felony." The court admitted the certified copy of conviction into evidence over the defense's objection because it was a certified copy, and, therefore, a self-authenticating document.

¶ 10   The certified copy of conviction, which appears in the record on appeal, is for "Andre LaMont McCottry" in case number SA 060305, with a filing date of June 16, 2006, for the information containing one count of willful infliction of corporal injury ("273.5(A) PC FEL") and one count of robbery ("211 PC FEL"). The document also states that the case was called for arraignment on June 16, 2006, before the Honorable James R. Brandlin, defendant entered a plea of no contest to count I for willful infliction of corporal injury, and the court accepted the plea, found defendant guilty, and sentenced defendant to 365 days in jail and three years of probation.

¶ 11   In the certified document's notes, it states:

"THE DEFENDANT WITH THE COURT'S APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 01 A VIOLATION OF SECTION 273.5(A) PC. THE COURT FINDS THE DEFENDANT GUILTY.

COUNT (01): DISPOSITION: CONVICTED"

The notes section further states that after defendant was advised of his constitutional rights and the consequences of his guilty plea, "THE DEFENDANT ENTERS A NO CONTEST PLEA AS TO COUNT 1 ONLY." The document also states "COUNT (01): DISPOSITION: CONVICTED" and that "COUNT (02): DISMISSED DUE TO PLEA NEGOTIATION."

¶ 12    Defendant testified that he did not "knowingly" possess the shotgun because he believed that the bag only contained a guitar and denied threatening Fuentes with anything in the bag. During cross-examination, defendant testified that he did know notice that the bag was heavier than it should be because the guitar is "pretty heavy." Defendant approached Fuentes in a "nice mannerable way" to get his money back. However, Fuentes would not take the truck back and became belligerent after defendant said he was sold a "lemon" and wanted his money back. Defendant did not raise his voice, complied with the officers' instructions to open the bag, and denied being advised of the *Miranda* warnings.

¶ 13    When making its findings, the trial court stated that "defendant is *** guilty of Count 1" and that "[a]ll other counts of the indictment would all merge into Count 1." Following a hearing, the trial court sentenced defendant to three years in prison for UUWF.

¶ 14    On appeal, defendant contends that he was not proven guilty beyond a reasonable doubt of UUWF because the evidence at trial failed to establish that the prior California conviction relied upon by the State was a felony.

¶ 15    When considering the sufficiency of the evidence, the issue is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Brown*, 2013 IL 114196, ¶ 48. All reasonable inferences from the record must be allowed in favor of the State. *People v.*

*Lloyd*, 2013 IL 113510, ¶ 42. It is the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh evidence, and to draw reasonable inferences from the facts. *Brown*, 2013 IL 114196, ¶ 48. A reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of the witnesses. *Id.* A defendant's conviction will not be overturned unless the evidence is so unreasonable, improbable, or unsatisfactory that there remains a reasonable doubt of his guilt. *Id.*

¶ 16    To prove defendant guilty of UUWF, the State had to show defendant knowingly possessed a firearm after being convicted of a felony under the laws of this state or any other jurisdiction. See 720 ILCS 5/24-1.1(a) (West 2016). Here, defendant contests only his felon status, arguing that the certified statement of his California conviction was insufficient to prove that he had been convicted of a felony.

¶ 17    "In Illinois, the traditional method of proving a prior conviction is by the certified record of the prior conviction or an authenticated copy of the conviction, and proof of identity between the name on the record and the defendant on trial." *People v. White*, 311 Ill. App. 3d 374, 380 (2000) (citing *People v. Davis*, 65 Ill. 2d 157, 164 (1976)). Generally, a certified copy of a conviction is a self-authenticating document. See *People v. Gober*, 146 Ill. App. 3d 499, 502 (1986) (a prior conviction can be proved by either the record or an authenticated copy); Ill. R. Evid. 902(4) (eff. Jan. 1, 2011) (to be self-authenticating under the rule, the document must be "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office").

¶ 18    Here, the State introduced a certified copy of conviction for "Andre LaMont McCottry," which lists the case number and the filing date for the information containing one count of

willful infliction of corporal injury ("273.5(A) PC FEL") and one count of robbery ("211 PC FEL"). The document also lists the date that the case was called for arraignment, the name of the judge presiding, and that defendant entered a plea of no contest to count I, which the trial court accepted. As this court has previously held, in order to prove that a defendant has a prior felony conviction from another jurisdiction as an element of UUWF, "the State must establish the conviction by the record or by an authenticated copy of the conviction showing the caption, return of indictment in open court by the grand jury or the filing of the information, the arraignment of the defendant, *** and the final judgment of the court." See *Gober*, 146 Ill. App. 3d at 503. Accordingly, the certified copy of conviction contains the information required to prove a prior felony conviction.

¶ 19    Defendant, however, contends that the certified copy of conviction is not sufficient to establish beyond a reasonable doubt that he was previously convicted of a felony because willful infliction of corporal injury can be either a misdemeanor or a felony. See Cal. Penal Code §§ 17, 237.5(a) (West 2006). He notes that his sentence in that case could be consistent with either classification and that defense counsel objected to the admission of the certified copy of conviction on the basis that defendant was not guilty of a felony. Defense counsel offered no basis for the objection other than the objection was based on a conversation with defendant.

¶ 20    Under California law, an offense that can be either a felony or misdemeanor is "deemed a felony unless charged as a misdemeanor by the [State] or reduced to a misdemeanor by the sentencing court under Penal Code [17(b)]." *People v. Statum*, 122 Cal. Rptr. 2d 572 (Ca. 2002). The certified copy of conviction states that count I is a charge of willful infliction of corporal injury ("273.5(A) PC FEL") and that defendant entered a plea of no contest to count I. While

defendant is correct that that the notes on the certified copy of conviction state that defendant entered a plea of *nollo contendere* to "COUNT 01 A VIOLATION OF SECTION 273.5(A) PC," we cannot agree with his conclusion that the fact that the statutory citation contained in the notes does not include "FEL" means he pled guilty to a misdemeanor rather than a felony. The certified copy of conviction states in three different sections that defendant entered a plea of no contest or *nollo contendere* to count I, and count I was certified as "273.5(A) PC FEL." Nothing in the certified notes identifies that count I was charged as a misdemeanor.

¶ 21    Further, nothing in the certified notes demonstrates that count I was reduced from a felony to a misdemeanor by the sentencing court under Penal Code 17(b). Defendant was sentenced to three years of probation and 365 days in jail. This sentence is consistent with a felony under California law. See Cal. Penal Code § 17. In addition, an offense carrying this sentence would constitute a felony in Illinois, where a felony is classified as an offense for which a sentence of "imprisonment in a penitentiary for one year or more is provided." 720 ILCS 5/2-7 (West 2018).

¶ 22    Moreover, we reject defendant's theory that the State was required to disprove circumstances that could have rendered the California offense a misdemeanor or that the State's failure to do so inappropriately shifted the burden of proof to defendant. Our supreme court has held that the State need not dispel all reasonable hypotheses of innocence to sustain a conviction. *People v. Pintos*, 133 Ill. 2d 286, 291 (1989). Ultimately, a trier of fact is not required to disregard the inferences that normally flow from the evidence or to seek out all possible explanations consistent with a defendant's innocence and elevate them to reasonable doubt. *In re Jonathon C.B.*, 2011 IL 107750, ¶ 60. Despite defendant's argument regarding the certified copy

of conviction, taking the evidence in the light most favorable to the State, we find that the certified copy of conviction established that defendant was previously convicted of a felony. Accordingly, we affirm his conviction for UUWF.

¶ 23    For the forgoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 24    Affirmed.